IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEITH DOHSE,                           )
                                       )            8:04CV355
            Plaintiff,                 )
                                       )
      v.                               )
                                       )
JOHN E. POTTER, POSTMASTER,            )    MEMORANDUM AND ORDER
UNITED STATES POSTAL SERVICE           )
POSTMASTER GENERAL,                    )
                                       )
            Defendant.                 )

      This matter is before the court on defendant's motion to dismiss and for summary

judgment,[1] Filing No. 16, and plaintiff's request for in camera review of documents, Filing

No. 26.  This action arises under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.,*

and the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.* (FOIA).  Plaintiff contends that

defendant wrongfully discharged him.  Plaintiff requests certain information regarding his

discharge pursuant to the FOIA, and defendant has declined to produce some of the

requested documents.  The court has carefully reviewed the record, the evidence in

support and in opposition, the briefs, and the relevant case law, and concludes that

plaintiff's motion for in camera review should be granted.

      The FOIA provides a mechanism wherein the court can conduct an in camera

examination of documents.  5 U.S.C. § 552(a)(4)(B).  The Eighth Circuit has stated:

      The federal courts and federal judges are ill-suited to assume the role of
      super-administrator in FOIA cases.  A court's primary role, therefore, is to
      review the adequacy of the affidavits and other evidence presented by the

---

[1]The court notes that this motion to dismiss requested dismissal of the libel claim filed by the plaintiff. Plaintiff has now conceded that he has no cause of action against the defendant and has not filed a libel claim in his amended complaint.  Consequently, the motion to dismiss the libel claim will be denied as moot. Further, subsequent to the filing of the motion to dismiss, the plaintiff filed an amended complaint.  Therefore, I will deny defendant's motion for summary judgment, Filing No. 16, as moot.

> Government in support of its position, utilizing an in camera examination of the manual itself as an aid in determining whether the Government's affidavits are accurate and made in good faith.  If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position.

*Cox v. Department of Justice*, 576 F.2d 1302, 1312 (8th Cir. 1978); *Cleary v. Federal Bureau of Investigation*, 811 F.2d 421, 423 (8th Cir. 1987).  *See also Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  The government argues that it has fully complied with the requirement that the agency adequately delineate its reasons for failing to produce certain documents, pursuant to the exemptions set forth in 5 U.S.C. § 552.  The plaintiff contends that many of the listings in the Margritz Affidavit, Filing No. 18, Attach. 1, do not comply with *Vaughn*.  For example, the reference to documents 12-14 does not identify who prepared the document, the date it was prepared, what the document purports to be, and so on.  The court agrees.  The Supreme Court has stated "Conclusory generalized allegations, as well as the mere reiteration of statutory language, is unacceptable."  *E.P.A. v. Mink*, 410 U.S. 73, 93 (1973).  Because of the lack of detail set forth in the declaration, the court will review these documents in camera. The court will not rule on defendant's motion for summary judgment as to the amended complaint, Filing No. 41, until after it has reviewed in camera the documents withheld by the government.

THEREFORE, IT IS ORDERED:

1.  Defendant's motion to dismiss and motion for summary judgment, Filing No. 16, is denied as moot.

2.  Plaintiff's motion for in camera review, Filing No. 26, is granted.  The defendant shall have sixty (60) days from the date of this memorandum and order to provide the court

with those documents, accompanied by the reasons and statutory citation for each exemption, that have been withheld from the plaintiff.

DATED this 8th day of September, 2005.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE