IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DOHSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:04CV355 |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, POSTMASTER, | ) | **MEMORANDUM AND ORDER** |
| UNITED STATES POSTAL SERVICE | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's constitutional claim and renewed motion for summary judgment on plaintiff's Freedom of Information Act, 5 U.S.C. § 522 ("FOIA") and Privacy Act, 5 U.S.C. § 552a, claims. The court has conducted an *in camera* review of documents in connection with the motion for summary judgment. See Filing No. 45. This is an action for injunctive relief for deprivation of constitutional rights brought pursuant to 42 U.S.C. § 1983, and for an order compelling production of documents under the FOIA and the Privacy Act. Plaintiff is a rural mail carrier under contract with the Postal Service.

**I. BACKGROUND**

In his amended complaint, Dohse seeks review of a final agency decision to withhold production of certain records he had requested from the U.S. Postal Inspection Service pursuant to the FOIA and Privacy Act. He also alleges that the defendant (hereinafter, "the Postmaster") deprived him of his right to procedural due process in connection with a decision to permanently deny him access to the mails and to postal

premises. Jurisdiction over this case is premised on the existence of a federal question under 28 U.S.C. § 1331.[1]

In this action, Dohse alleges that he has contracts with the United States Postal Service ("USPS") to provide mail delivery as an independent contractor for USPS's highway contract route (HCR) 69384 and HCR 69362 in and around Gordon, Sheridan County, Nebraska. He alleges that on or about March 20, 2003, Leslie R. Carpenter, the Manager of Transportation Contracts for the Western Area Distribution Network of the USPS, informed him by letter that he was under investigation by the Postal Inspection Service and the United States Postal Service Threat Assessment Team regarding alleged threats to postal personnel and would be temporarily denied access to the mail and postal premises. Dohse appealed the decision. On or about May 9, 2003, Leslie R. Carpenter informed Dohse that he had received an Investigative Memorandum from the Postal Inspection Service that detailed their investigation and its outcome. In reliance on the information contained in that memorandum, USPS made a final determination to permanently deny plaintiff access to the mail and the postal premises. Dohse also appealed that decision. On or about June 11, 2003, Russell A. Sykes, Manager, Surface Transportation CMC, notified Dohse that his appeal had been denied and that he agreed with the contracting officer's conclusion that it would not be in the best interest of the USPS to allow plaintiff access to the mail and the postal facilities.

---

[1]The Postal Reorganization Act ("PRA"), 39 U.S.C. § 401(1), provides that the USPS may "sue and be sued" in its own name. "[T]he United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). Under the PRA, "the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties." 39 U.S.C. § 409(b).

In June 2004, plaintiff filed a complaint in the United States Court of Federal Claims ("Claims Court"), alleging that the actions of USPS denying him access to postal facilities amounted to a breach of the contracts. *See Dohse v. United States*, No. 04-984 C, Filing No. 1, Compl. (Ct. of Cl. June 7, 2005) ("Claims Court action"). Dohse sought damages and injunctive relief in that case, but did not raise a constitutional claim. *Id.* Jurisdiction over the Claims Court action is premised on the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act ("CDA"), 41 U.S.C. § 601-613. *Id.* Review of the Claims Court docket shows that Dohse's suit for money damages for breach of contract in the Claims Court was dismissed for failure to exhaust administrative remedies. *See id.*, Filing No. 13, Mem. and Op., slip op. at 4-5. His claim for injunctive relief is still pending, although the action has been stayed pending the outcome of this suit. *See id.*, Filing No. 19, Order.

In September 2003, plaintiff requested copies of documents that related to his appeal of the Postmaster's decision to deny him access. Pursuant to that request, the Postmaster released eight pages of material, but claimed that the remaining 143 pages in its possession were exempt from disclosure. Plaintiff then filed this action. This court ordered an *in camera* review of those documents. Filing No. 45.

The Postmaster renews its motion for summary judgment on the FOIA and Privacy Act claims. Filing Nos. 16 &40. In support of his motion, and in compliance with the court's order for *in camera* review, the Postmaster has shown by affidavit that the USPS has searched for and produced all investigative materials in its possession. (Filing No. 18, Index of Evidence, Attachment 1, Decl. of David A. Margritz Decl. at 3-5 ("Margritz Decl.")). The Postmaster asserts that the nondisclosed materials are exempt from disclosure as intra-agency records under 5 U.S.C. § 552(b)(5) ("Exemption 5") and as material that would

reveal the identity of a confidential source under 5 U.S.C. § 552(b)(7)(C) and (D).  *Id.* at 5-16.  *See also* Filing No. 49, notice of production of documents for *in camera* review.

The Postmaster also moves to dismiss Dohse's claim for deprivation of his constitutional rights.  Filing No. 40.  The Postmaster asserts that the claim should be dismissed for lack of jurisdiction and for failure to state a claim on which relief can be granted.  See Fed. R. Civ. P. 12(b)(1) & (6).  The Postmaster's motion to dismiss is based on the fact that Dohse has a breach of contract action pending in the Claims Court.  He asserts the Claims Court has exclusive jurisdiction over this action, which he asserts is essentially a breach of contract action.  He argues that the present action involves the same operative set of facts as the Claims Court action and he characterizes the breach of contract claim and the constitutional claim as involving "a distinction without a substantive difference."  Filing No. 42, Brief in Support of Defendant's Motions at 10.

## II. DISCUSSION

### A. Motion to Dismiss Dohse's Constitutional Claim

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *Id.*  The plaintiff has the burden of proving that jurisdiction does in fact exist.  *Id.*  In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint to be true.  *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).  Dismissal is appropriate only

if it appears beyond a doubt that the plaintiff cannot allege facts in support of his claims that would entitle him to relief. *Id.*

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *V S Ltd. P'ship v. Department of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). The Tucker Act operates as one such limited waiver and vests exclusive jurisdiction over all contract actions against the United States for damages over $10,000 in the Claims Court. *V S Ltd. P'ship*, 235 F.3d at 1112 (also noting that the Tucker Act does not correspondingly confer concurrent jurisdiction on the district court for all equitable claims). The exclusive jurisdiction of the Claims Court applies only to *monetary* claims in excess of $10,000 against the United States and its agencies. *Minnesota ex rel Noot v. Heckler*, 718 F.2d 852, 858 (8th Cir. 1983). Nevertheless, the Claims Court is also authorized to grant limited equitable relief that is collateral to a monetary award in order to resolve an entire controversy. *Id.* If the declaratory or injunctive relief a claimant seeks, however, has significant prospective effect or considerable value apart from merely determining monetary liability of the government, the equitable relief sought is paramount and the United States District Court may assume jurisdiction over the nonmonetary claims. *Id.* The fact that a suit for nonmonetary relief in the district court may also provide a basis for a grant of money damages against the United States is not a sufficient reason to foreclose district court jurisdiction. *Id.*

The CDA further limits the district court's jurisdiction over contract claims against the United States. *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) (noting that the aim of the CDA is to facilitate formation and resolution of government

contracts). It provides that the Claims Court has exclusive jurisdiction over any dispute relating to a contract for goods and services between an executive agency at the United States government and an independent contractor. 41 U.S.C. § 609(1)(a); *B & B Trucking, Inc. v. U.S. Postal Serv.*, 406 F.3d 766, 768 (6th Cir. 2005).

To determine whether a claim falls under the exclusive jurisdiction of the Claims Court under the Tucker Act or the CDA, the court must determine if the claim is contractual in nature. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1137 (6th Cir. 1996). "'The classification of a particular action as one which is or is not "at its essence" a contract action depends both on the source of the rights upon which the plaintiff bases its claim, and upon the type of relief sought (or appropriate).'" *Id.* (*quoting Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)).

In this action, Dohse seeks declaratory and injunctive relief for deprivation of his Fifth Amendment right to due process. Specifically, he asserts that he was denied the opportunity to be heard in a meaningful way before the Postmaster took action to bar him from the Post Office facilities. The injury that Dohse allegedly suffers as a result of the alleged deprivation is an injury to his reputation as well as the effective loss of his ability to compete for future contracts with the USPS. He seeks no recovery in connection with his current contracts.

The Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. An injury to reputation alone is not a protected liberty interest under the Due Process Clause. *Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991). However, an injury to reputation coupled with the alteration of a right or status recognized by law, such as eligibility for federal contracts, may give rise

to a protected liberty interest. *Redondo-Borges v. United States Dep't of Hous. and Urban Dev.,* 421 F.3d 1, 8 n.3 (1st Cir. 2005); *Ferencz v. Hairston,* 119 F.3d 1244, 1249 (6th Cir. 1997). *See also Smith & Wesson v. United States*, 782 F.2d 1074, 1081 (1st Cir. 1986) (noting that although the right to bid on a government contract is not a protected property interest, a bidder's liberty interest is implicated when a deprivation is based on stigmatizing charges); *ATL, Inc. v. United States*, 736 F.2d 677, 682-83 (Fed. Cir. 1984) (finding that a suspension premised on misconduct can deprive a contractor of a liberty interest); *Old Dominion Dairy Prods., Inc. v. Secretary of Defense*, 631 F.2d 953, 962-63 (D.C. Cir. 1980) (establishing that the deprivation of a protected liberty interest occurs when stigmatizing allegations effectively foreclose freedom to compete for future contracts).

The sufficiency of the process due varies with the nature of the deprivation. *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 895 (1961). The minimum requirements of due process are notice and an opportunity for hearing appropriate to the nature of the case. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). Due process requires "that certain procedures be met; a plaintiff must receive adequate notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Post v. Harper*, 980 F.2d 491, 493 (8th Cir. 1992) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). A deprivation of constitutional magnitude may occur if the person is not granted the opportunity to clear his or her name. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573 (1972).

The court finds Dohse's claim, although it peripherally involves a contract, is not a contract claim at its essence. Dohse seeks vindication of his rights to notice and a hearing; a contract damages award would not redress the deprivation he has allegedly suffered.

7

Accordingly, the court finds it has subject matter jurisdiction over Dohse's constitutional claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

Plaintiff alleges that he was barred from postal premises by reason of stigmatizing accusations and that he was not offered any opportunity to rebut those accusations.[2] He also alleges that barring him from access to the Post Office premises will affect his ability to obtain future contracts. The court finds that Dohse's amended complaint adequately states a claim for the deprivation of a constitutional right. Accordingly, the Postmaster's motion to dismiss the claim will be denied.

## B.  Motion for Summary Judgment - Freedom of Information Act

The FOIA requires that federal government information, including agency records, be made available to the public. *Missouri ex rel. Garstang v. U.S. Dep't of Interior*, 297 F.3d 745, 749 (8th Cir. 2002). When an agency denies a FOIA request for records, "the burden is on the agency to sustain its action" and a district court may order the production of any "agency records improperly withheld." *Cleary v. FBI*, 811 F.2d 421, 423 (8th Cir. 1987). The burden is on the government to show that the exemptions are warranted. *See id.* at 423 n.2; *Parton v. U.S. Dep't of Justice*, 727 F.2d 774, 776 (8th Cir. 1984). In addition, courts have an obligation to construe FOIA exemptions narrowly in favor of disclosure. *U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993).

---

[2]The evidence reviewed in connection with the FOIA claim shows that he was not provided information regarding the nature and source of the accusations on which the Postmaster relied in making its determination.

8

Nevertheless, "[t]he federal courts and federal judges are ill-suited to assume the role of super-administrator in FOIA cases." *Cleary*, 811 F.2d at 423. The court's primary role is to review the adequacy of the affidavits and other evidence presented by the government in support of its position, to perform an *in camera* examination of the material itself, and to determine whether the government's affidavits are accurate and made in good faith. *Id.* "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position." *Id.* The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency. *Id.* This court, thus, reviews the evidence and conducts an *in camera* examination of the nondisclosed or redacted material to determine whether the government's affidavits in support of its position are accurate and made in good faith, and whether the asserted grounds justifying the exemption are reasonable and consistent with the applicable law. *See Parton*, 727 F.2d at 776.

### 1. Deliberative Process Exemption

The FOIA deliberative process privilege exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *See* 5 U.S.C. § 552(b)(5) ("Exemption 5"); *Missouri ex rel. Shorr v. U.S. Army Corps of Eng'rs*, 147 F.3d 708, 711 (8th Cir. 1998). The purpose of the deliberative process privilege is to allow agencies to explore alternative avenues of action freely and to engage in internal debates without fear of public scrutiny. *Id.* E-mail communications are similarly protected. *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 482-83 (2d Cir. 1999).

The exempt inter- or intra-agency document must be both predecisional and deliberative.  *Schorr,* 147 F.3d at 711.  A predecisional document is one which is designed to assist agency decisionmakers in arriving at their decisions and which contains the personal opinions of the writer rather than the policy of the agency. *Id.*  A document is deliberative if its disclosure would expose the agency's decisionmaking process in a way that would discourage candid discussion and, thus, undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process. *Id.*

### 2.  Law Enforcement Compilation

The Postmaster also asserts that certain documents are exempt from disclosure under the FOIA, 5 U.S.C. §§ 552(b)(7)(C) and (D).  That section of FOIA provides for exemption of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source."  5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir. 1991).  Before it may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

The personal privacy exemption protects individuals who are not the focus of agency records, but rather are only mentioned within records.  See *Cleary*, 811 F.2d at 423-24.  To determine whether production of a particular document would constitute an unwarranted invasion of personal privacy, a court must determine whether the public interest in disclosure outweighs the individual privacy interests that would suffer from disclosure.  See *U. S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989).

Under the confidential informant exemption, the government must show that the informant furnished information on a confidential basis.  *Landano*, 508 U.S. at 171.  "The question is not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential."  *Landano*, 508 U.S. at 171 (emphasis in original).  A source is confidential within the meaning of this exemption if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.  *Id.*  The government can meet its burden of showing that a source provided information on an implied assurance of confidentiality with evidence that will support the inference, i.e., evidence that a source was a paid informant or that it was likely due to the nature of the crime and the source's relation to it that the source would suffer reprisal.  *Id.* (holding that confidentiality of source may be inferred from the nature of crime investigated and the informant's witness's relation to the crime support); *Parton*, 727 F.2d at 776-77 (inferring implied assurance where prison officials who provided information about alleged attack on inmate faced "high probability of reprisal").

This court's review of the affidavits and the documents produced for *in camera* review shows that the Postmaster's grounds for non-disclosure are reasonable and are consistent with applicable law. The documents that the Postmaster asserts are protected from disclosure by Exemption 5 are generally e-mails and correspondence between USPS managers and postal inspectors that discuss interpersonal conflicts between Dohse and employees of the Gordon Post Office, including alleged threats by Dohse, and that address resolution of the problem. These are exactly the type of documents Exemption 5 is designed to protect; they are frank discussions between individuals with significant management responsibilities designed to assist agency decisionmakers in responding to a problem. *See, e.g., Shorr*, 147 F.3d at 710 (stating that "open and frank intra-agency discussion could be 'chilled' by public disclosure of this [type of communication] which was generated as part of the agency's deliberative process"). After thorough examination of the documents, the court concludes that the documents are exempt from disclosure under Exemption 5, 5 U.S.C. § 552(b)(5).

The documents that the Postmaster asserts are exempt under the confidential informant provision are generally transcripts of recorded conversations with the confidential informant and reports of professional assessment and analysis of those conversations as well as internal correspondence referring to the conversations and reports. The Postmaster has shown that the documents at issue were compiled as part of a criminal investigation by the Midwest Division of the U.S. Postal Inspection Service. *See* Margritz Decl. at 4. Release of the documents could reasonably be expected to constitute an unwarranted invasion of the confidential informant's privacy under section 552(b)(7)(C). The informant's interest in maintaining confidentiality is considerable; as an informant of

potentially criminal or dangerous activities, the informant risked harassment and retaliation. The public interest supports maintaining the confidentiality of the report since public safety concerns are especially significant in the context of disgruntled postal employees or contractors in light of recent violence at post offices. Finally, the information was furnished under circumstances from which an assurance of confidentiality can be inferred. Without question, release of the documents would expose the informant's identity—the nondisclosed information contains repeated references to the informant. In light of the nature of the alleged threats, the court concludes that the informant could reasonably be assumed to suffer reprisal if his identity were disclosed.

This holding is limited to disclosure of the documents under FOIA. The FOIA claim is a discrete civil claim. *In re Dep't of Justice*, 999 F.2d 1302, 1311 (8th Cir. 1993). FOIA was not intended to supplement or displace rules of discovery. *John Doe Agency*, 493 U.S. at 152 (1989); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236-239 (1978) (noting FOIA was *not* intended to function as a private discovery tool). In discovery proceedings the issue is whether the information sought is relevant and necessary; however, in FOIA litigation the only issue is whether the agency has properly withheld the information sought under one of the specific statutory exemptions. *In re Dep't of Justice*, 999 F.2d at 1311. Accordingly, the court's finding that the documents are exempt from disclosure under FOIA does not mean they are not subject to discovery in litigation.

Accordingly, the court finds that defendant's motion for summary judgment on plaintiff's FOIA and Privacy Act claims should be granted.[3]

IT IS ORDERED:

1. Defendant's motion to dismiss plaintiff's constitutional claim is denied.

2. Defendant's renewed motion for summary judgment is granted. Plaintiff's FOIA and Privacy Act claims are dismissed.

DATED this 15th day of February, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge

---

[3] The Privacy Act shelters personal records absent the consent of the person to whom the record pertains, unless disclosure would be required under the FOIA. 5 U.S.C. § § 552a(b)(2). Accordingly, the court's findings with respect to the FOIA claims dispose of the Privacy Act claims. *See U.S. Dept. of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 499 (1994).