IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DOHSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV355 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN E. POTTER, United States Postal Service Postmaster General, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Stay Proceedings (Filing No. 54). The defendant filed a brief (Filing No. 56) and an index of evidence (Filing No. 55) in support of the motion. The plaintiff filed a brief (Filing No. 57) and an index of evidence (Filing No. 58) in opposition to the motion. Finally, the defendant filed a brief (Filing No. 60) and an index of evidence (Filing No. 59) in reply.

## BACKGROUND

On August 2, 2004, the plaintiff filed the instant action. **See** Filing No. 1. The plaintiff alleges the defendant violated the plaintiff's due process rights under the Fifth Amendment to the Constitution of the United States, the Freedom of Information Act and the Privacy Act of 1974. The defendant filed a motion to dismiss on November 24, 2004, after three extensions of time. **See** Filing Nos. 6, 11, 15 and 16. At that time the defendant also sought a stay pending resolution of the motion to dismiss, which was granted. **See** Filing Nos. 19 and 22. On December 23, 2004, the plaintiff filed a motion to amend the complaint and for an in camera review of the documents withheld by the defendants. **See** Filing Nos. 23 and 26. With leave of court, the plaintiff filed an amended complaint on February 2, 2005. **See** Filing No. 37. On March 2, 2005, the defendant filed a renewed motion to dismiss. **See** Filing No. 40. Again, the court entered a stay of proceedings until after the dispositive motion was resolved. **See** Filing No. 48.

On February 15, 2006, the court entered an order on the dispositive motion. **See** Filing No. 50. The court dismissed the plaintiff's claims for violations of the Freedom of Information Act and the Privacy Act of 1974. The plaintiff maintains a claim against the defendant for denial of due process in connection with the defendant's denial of the

plaintiff's access to the mails and the postal premises to carry out his contractual duties as a rural mail carrier. On March 1, 2006, the defendant filed an answer. **See** Filing No. 51. Thereafter, the court entered a progression order setting a planning conference for June 16, 2006. **See** Filing No. 53.

The defendant has now filed a motion to stay proceedings in this court pending resolution of claims between these parties in the Court of Federal Claims. The plaintiff states the Court of Federal Claims matter involves the issue of injunctive relief for breach of contract and the issue of the termination of the plaintiff's contracts. There is presently a stay in the Court of Federal Claims matter pending resolution of this case. However, counsel for the defendant represents the parties to that action desire the stay to be lifted.

The defendant states the claims and issues in both proceedings are similar and that a stay in this matter would benefit the parties and conserve judicial resources. Further, the defendant contends an additional reason for a stay in this matter is that the contracts at issue have been terminated, which termination the plaintiff is challenging in the Court of Federal Claims proceeding. The defendant argues resolution of the Court of Federal Claims matter may make the present case unnecessary or more narrowly defined. The defendant also argues that "staggered" discovery in the separate matters may result in many witnesses being deposed twice or completed in a piecemeal fashion. Finally, the defendant contends parallel proceedings may produce conflicting results.

In contrast, the plaintiff contends the claims in each case are separate and distinct. The plaintiff acknowledges the cases arise from the same operative facts and involve the same parties. Specifically, the plaintiff points to the language in an order of the District Court stating, "Dohse's claim, although it peripherally involves a contract, is not a contract claim at its essence. Dohse seeks vindication of his rights to notice and a hearing; a contract damages award would not redress the deprivation he has allegedly suffered." **See** Filing No. 50, p. 7. The Court of Federal Claims proceeding, however, is based on breach of contract. Accordingly, the plaintiff states resolution of the Court of Federal Claims proceeding will not impact whether the plaintiff's constitutional rights were violated. The plaintiff also states discovery only overlaps with regard to certain documents. The plaintiff argues judicial economy will not be served by staying this matter. Finally, the plaintiff

argues he will be prejudiced by a stay which would only prolong resolution of his constitutional claim.

## DISCUSSION

Federal Rule of Civil Procedure 16(b) provides a progression order schedule shall not be modified except upon a showing of good cause. "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)). "If the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." **Financial Holding Corp. v. Garnac Grain Co.**, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North Am. Co.**, 299 U.S. 248, 254 (1936); **see Lockyer v. Mirant Corp.**, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); **Capitol Indem. Corp. v. Haverfield**, 218 F.3d 872, 874 (8th Cir. 2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." **Lockyer v. Mirant Corp.**, 398 F.3d at 1109; **Jones v. Clinton**, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. **See Jones**, 72 F.3d at 1365.

The **Lockyer** trial court granted a stay pending the outcome of a defendant's Chapter 11 bankruptcy proceedings in another district based on docket efficiency concerns and based on its belief that the stay was "fair and practical" for the parties. **Id**. at 1100,

3

1105.[1]  However, the Ninth Circuit Court vacated the stay, reasoning a stay was not justified under the facts of the case simply based on a balance of hardships or by the prospect of narrowing the issues before the court because of the relief sought in the case. *Id*. at 1112.  First, the ***Lockyer*** court determined the defendant failed to demonstrate great hardship in being forced to continue its defense stating, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Id*.  Moreover, the ***Lockyer*** court found the plaintiff's interests would be harmed by the stay, as he sought injunctive relief for ongoing economic harm.  *Id*. at 1112.

In the instant case, the defendant has failed to show hardship or inequity in being forced to move forward according to schedule.  Mere compliance with a discovery schedule or expenditure of resources for typical discovery is not a hardship which would justify a stay of proceedings.  In contrast, a "fair possibility" of harm to the plaintiff exists if the stay is granted as the plaintiff will not have his constitutional claim heard for an unknown period of time.  Additionally, the defendant is a party to the Court of Federal Claims litigation and the parties have agreed to lift the stay in that case.  There is no reason before the court why discovery cannot be conducted in a parallel manner more efficiently than if one case were stayed.  Further, the defendant did not move for a stay until well after entry of the progression order in this case and contacting counsel about lifting a stay in the Court of Federal Claims proceeding.

Finally, the court has an interest in securing the just, speedy, and inexpensive determination of every action.  **See** Fed. R. Civ. P. 1.  Here, the parties to both actions are the same.  This case may involve similar issues based on the similar facts, however the Court of Federal Claims proceeding does not involve the same claims, nor would resolution in that case appear to resolve the claims here.  The interest of the defendant to proceed with one case at a time does not justify the burden of delay a stay may cause the plaintiff.

The defendant has failed to show a hardship or inequity by proceeding outweighs the harm to the plaintiff due to a stay.  Accordingly, the defendant has failed to show good cause why the progression order deadlines should be amended.  Due to the risk of harm

---

[1] The matter came within the "police or regulatory power" exception under 11 U.S.C. § 362(b)(4), and therefore the automatic bankruptcy stay did not apply.  ***Lockyer***, 398 F.3d at 1109.

4

to the plaintiff and the lack of reasons compelling the stay, the court denies the motion for stay. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Stay Proceedings (Filing No. 54) is denied.

Dated this 11th day of May, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

5