**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV355 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JOHN E. POTTER, United States** | ) | |
| **Postal Service Postmaster General,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Continuance (Filing No. 91). On June 8, 2007, the plaintiff filed the instant motion, by mail. The plaintiff seeks a ninety-day extension of time of all deadlines to obtain legal counsel.

This matter was previously scheduled for a planning conference to be held on June 11, 2207. **See** Filing No. 90. The plaintiff did not appear at the conference. Counsel for the defendant did appear at the scheduled conference and opposed the plaintiff's motion for a lengthy continuance. The plaintiff filed the instant action on August 2, 2004. **See** Filing No. 1. The plaintiff has been on notice of his prior counsel's motion to withdraw since approximately March 29, 2007. **See** Filing No. 83. Under the circumstances, the court will allow the plaintiff an additional sixty-day extension of time to either obtain legal counsel or proceed *pro se*. No further extensions of time will be granted, except on a showing that after an exercise of due diligence by the parties a manifest injustice would occur if a requested extension were not granted.

Additionally, the plaintiff is cautioned that failure to appear at court-ordered proceedings will not be tolerated. The filing of a motion to continue, the day before a conference, does not excuse a party's absence. The Federal Rules of Civil Procedure provide for the imposition of sanctions if a party fails to comply with an order of the court, frustrates and impedes discovery, or otherwise wilfully ignores his or her obligations under the court's rules. "Pro se litigants are not excused from complying with court orders or substantive and procedural law." ***Farnsworth v. City of Kansas City, Mo.***, 863 F.2d 33, 34 (8th Cir. 1988).

Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference." In such circumstances,

> the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).[1] In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

Similarly, Federal Rule of Civil Procedure 41(b) allows for the dismissal of a plaintiff's action for "failure of the plaintiff to prosecute **or to comply with these rules or any order of court**." and such dismissal may "operate[ ] as an adjudication upon the merits." Fed. R. Civ. P. 41(b) (emphasis added). This means a plaintiff's complaint may be dismissed due to a "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." ***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000). The plaintiff need not act "in bad faith, but [the rule] requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" ***Id.*** (internal citations omitted). In this regard, the court will consider the nature of the plaintiff's conduct and, the adverse

---

[1] Fed. R. Civ. P. 37(b)(2) sets forth an array of possible sanctions if a party "fails to obey an order to provide or permit discovery . . . or if a party fails to obey an order entered under Rule 26(f)." Such sanctions include:
   (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
   (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
   (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination. . . .

affect of the plaintiff's conduct on the defendant and on the administration of justice. *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989).  Accordingly, should the plaintiff fail to appear at the rescheduled planning conference, the plaintiff's complaint and this action may be subject, without further notice, to dismissal without prejudice.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Continuance (Filing No. 91) is granted, in part, and denied, in part.  The plaintiff's motion is granted to the extent the planning conference is rescheduled after a period of sixty days.  No further extensions of this deadline will be granted.

2. A conference with the undersigned magistrate judge will be held **on August 15, 2007 at 1:30 p.m.** in Courtroom No. 7 Roman L. Hruska U.S. Courthouse located at 111 South 18th Plaza, Omaha, Nebraska, 68102, for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial.

3. The plaintiff shall appear in person before the court either to represent himself, or with his legal counsel, on August 15, 2007.  Otherwise, the plaintiff's complaint and this action may be subject, without further notice, to dismissal without prejudice.

4. The Clerk of Court shall send a copy of this order to the plaintiff at:

    Keith Dohse
    HC 91 11D
    Gordon, NE  69343

DATED this 11th day of June, 2007.

                              BY THE COURT:

                              s/ Thomas D. Thalken
                              United States Magistrate Judge