### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KEITH DOHSE,** ) | |
| ) | 8:04CV355 |
| **Plaintiff,** ) | |
| ) | CORRECTED[1] |
| v. ) | SECOND AMENDED ORDER |
| ) | SETTING FINAL SCHEDULE |
| **JOHN E. POTTER, United State Postal** ) | FOR PROGRESSION OF CASE |
| **Service Postmaster General,** ) | |
| ) | |
| **Defendant.** ) | |

This matter before the court following a planning conference in the above-captioned case. The plaintiff, Keith Dohse, pro se, participated by telephone conference. The defendant was represented by Assistant U.S. Attorney Robert L. Homan who appeared in person. Prior to the conference, Mr. Dohse sent a motion to the court by facsimile transmission requesting an extension of time in which to obtain counsel (Filing No. 97). A copy of the motion was provided to Mr. Homan. During the planning conference, Mr. Dohse's request for an extension of time to obtain counsel was discussed. Mr. Homan objected to any further extension of time in this matter. After reviewing the case history and upon consideration, Mr. Dohse's request for an extension of time was denied, and Mr. Dohse shall continue to be considered as proceeding pro se. Accordingly,

**IT IS ORDERED:**

Plaintiff Dohse's request for an extension of time (Filing No. 97) is denied.

**IT IS FURTHER ORDERED:**

The previous progression orders issued in this matter are modified to the extent set forth below:

   1.   **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **October 15, 2007**. **See** NECivR 56.1 and 7.1.

---

[1] Due to a clerical error, the summary judgment deadline was set for October 5, 2007. The summary judgment deadline is set for October 15, 2007.

2.   **Discovery Deadlines.**

a.   **Deposition Deadline.**  All depositions, whether or not they are intended to be used at trial, shall be completed by **December 31, 2007.**

b.   **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline.  The parties may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

c.   **Discovery Motions.**  Discovery motions shall be filed not later than **November 27, 2007**, as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline.  The parties are reminded of the provisions of NECivR 7.1(i).

3.   **Disclosure of Expert Witnesses.**[2]  The plaintiff shall, as soon as practicable but not later than sixty (60) days prior to the date set for the completion of depositions, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence.  The defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than thirty (30) days prior to the date set for the completion of depositions.  If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the

---

[2] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.</u>

    4.    **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve the opposing party and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    a.    **Nonexpert Witnesses - On or before December 3. 2007:** The name, address and telephone number[3] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    b.    **Deposition Testimony and Discovery -** In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

    c.    **Trial Exhibits - On or before January 4, 2008:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**:  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent</u>

---

[3] In accordance with the E-Government Act, the parties shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

<u>is available to testify at the trial</u> shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

5.  **Motions in Limine.**  Any motions *in limine* shall be filed on or before **January 10, 2008**.

6.  **The Final Pretrial Conference** with the undersigned magistrate judge is set for **January 14, 2008, at 11:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties and by any party appearing pro se.  The parties shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[4]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and the parties shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  <u>The parties shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and the parties shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

7.  **Settlement.**

    **a.**  Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal.  Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

    **b.**  In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refiling.  If the mediation is not successful, the moving party may

---

[4] Except as noted above in Paragraph 4(b).  Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

      **c.**      Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. <u>If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and normally will -- be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial</u>.

      8.      **Trial** is set to commence on **March 11, 2008**, in Omaha, Nebraska, before the undersigned magistrate judge.

      9.      **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by the maker of the motion of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

      Dated this 17th day of August, 2007.

                                                BY THE COURT:

                                               s/Thomas D. Thalken
                                              United States Magistrate Judge